**FILED**

DEC 1 2 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15 CR 50026 |
| v. | Judge Matthew F. Kennelly |
| ADRIAN C. PETERS, a/k/a ADRIAN WERSHIN, ADRIAN PETERS-WERSHIN, ACE PETERS ACE 175, and KRIXADE | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant ADRIAN C. PETERS, and his attorney, JILL M. SKWOR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2.     The indictment in this case charges defendant with production of child pornography, in violation of Title 18, United States Code, Section 2251(a) (Counts 1-12).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Counts 5, 11, and 12, which charge defendant with producing child pornography, in violation of Title 18, United States Code, Section 2251(a). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 5, 11, and 12 of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

        a.      With respect to Count 5 of the Indictment, on or about December 11, 2013, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim C, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

2

Specifically, on or about December 11, 2013, the defendant knowingly used, persuaded, induced, and enticed Victim C to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the minor's genitals, for the purpose of recording the sexually explicit conduct with a Hitachi hard drive that was manufactured in China with serial number F32SG0WD, specifically a video that contained the depiction in the still image entitled blahblah(06).mp4.mpg.

The defendant was aware that Victim C was 17 years of age at the time the pictures were produced and transmitted. The defendant produced the video of Victim C for the purpose of arousing or gratifying the defendant's sexual desire.

b.      With respect to Count 11 of the Indictment, on or about October 4, 2014, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim F, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about October 4, 2014, the defendant knowingly used, persuaded, induced, and enticed Victim F to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the minor's genitals, for the purpose of recording the sexually explicit conduct with a Lenovo Idea Pad U530 Touch

3

laptop computer, model 20289 that was manufactured in China with serial number QB07697478, specifically a video that contained the depiction in the still image entitled J.FLV.swf.

The defendant was aware that Victim F was 16 years of age at the time the video was produced. The defendant sought the video from Victim F for the purpose of arousing or gratifying the defendant's sexual desire.

   c.  With respect to Count 12 of the indictment, on or about December 11, 2014, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim G, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about December 11, 2014, the defendant knowingly used, persuaded, induced, and enticed Victim G to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the minor's genitals, for the purpose of recording the sexually explicit conduct with a Lenovo IdeaPad U530 Touch laptop computer, model 20289, manufactured in China with serial number QB07697478, specifically a video that contained the depiction in the still image entitled 2014-12-11-1535-03.flv.swf.

4

The defendant was aware that Victim G was 16 years of age at the time the pictures were produced and transmitted. The defendant produced the video of Victim G for the purpose of arousing or gratifying the defendant's sexual desire.

7.     Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offenses:

a.     On or about October 12, 2012, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim A, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know would be and was transported and transmitted using a means or facility of interstate commerce, and in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about October 12, 2012, the defendant knowingly used, persuaded, induced, and enticed Victim A to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the genitals, for the purposes of having Victim A transmit video of the sexually explicit conduct to the defendant using the Internet, specifically the video that depicted the still image entitled clip0016.avi.

The defendant was aware that Victim A was 17 years of age at the time the pictures were produced and transmitted. The defendant was also aware that Victim

5

A would take the video in Wisconsin where she resided. The defendant sought the video from Victim A for the purpose of arousing or gratifying the defendant's sexual desire.

      b.    On or about October 22, 2013, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim B, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know would be transported and transmitted using a means or facility of interstate commerce, and in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about October 22, 2013, the defendant knowingly used, persuaded, induced, and enticed Victim B to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the minor's genitals, for the purposes of having Victim B use the Internet to transmit video from Victim B in Arizona to the defendant in Illinois, of the sexually explicit conduct, specifically the video that depicted the still image entitled blahblah(06).mp4.mpg.

The defendant was aware that Victim B was 14 years of age at the time the pictures were produced and transmitted. The defendant was also aware that Victim B would take the video in Arizona. The defendant sought the video from Victim B for the purpose of arousing or gratifying the defendant's sexual desire.

c. On or about December 25, 2013, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim D, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction the defendant knew and had reason to know would be and was transported and transmitted using a means or facility of interstate commerce, and in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about December 25, 2013, the defendant knowingly used, persuaded, induced, and enticed Victim D to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the genitals, for the purposes of having Victim D transmit video of the sexually explicit conduct to the defendant using the Internet, specifically the video that depicted the still image entitled blahblah(21).mp4.mpg.

The defendant was aware that Victim D was 16 years of age at the time the pictures were produced and transmitted. The defendant sought the video from Victim D for the purpose of arousing or gratifying the defendant's sexual desire.

d. On or about April 25, 2014, at South Beloit, in the Western Division of the Northern District of Illinois, and elsewhere, defendant did knowingly use, persuade, induce, and entice, a minor, Victim E, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual

7

depiction the defendant knew and had reason to know would be and was transported and transmitted using a means or facility of interstate commerce, and in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Specifically, on or about April 25, 2014, the defendant knowingly used, persuaded, induced, and enticed Victim E to engage in sexually explicit conduct, specifically masturbation and the lascivious exhibition of the genitals, for the purposes of having Victim E transmit video of the sexually explicit conduct to the defendant using the Internet, specifically the video that depicted the still image entitled grr(08).mp4.mpg.

The defendant was aware that Victim E was 16 years of age at the time the pictures were produced and transmitted. The defendant was also aware that Victim E would take the video in Ohio where she resided. The defendant sought the video from Victim E for the purpose of arousing or gratifying the defendant's sexual desire.

### Maximum Statutory Penalties

8. Defendant understands that each charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 30 years' imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands

8

that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b.    Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

c.    Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence of 90 years' imprisonment and the minimum sentence is 15 years' imprisonment. In addition, defendant is subject to a total maximum fine of $750,000, a period of supervised release up to life, and a special assessment of $300.

### Sentencing Guidelines Calculations

9.    Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities

9

among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a.    **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b.    **Offense Level Calculations**.

Offenses of Conviction

i.    With respect to Count 5 of the indictment, the base offense level is 32, pursuant to Guideline § 2G2.1. The offense level for this offense of conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual act. The offense level for the count of conviction must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i), because the offense involved the use of a computer to persuade induce, and entice a minor for the purpose of producing sexually explicit material, and the solicitation of a minor for sexually explicit conduct.

ii.    With respect to Count 11 of the indictment, the base offense level is 32, pursuant to Guideline § 2G2.1(a). The offense level for this offense of

conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual act. The offense level for the offense of conviction must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i) and (ii), because the offense involved the use of a computer to persuade, induce, and entice a minor for the purpose of producing sexually explicit material, and the solicitation of a minor for sexually explicit conduct.

        iii.        With respect to Count 12 of the indictment, the base offense level for this offense of conviction is 32, pursuant to Guideline § 2G2.1. The offense level for the offense of conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved the commission of a sexual act. The offense level must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i), because the offense involved the use of a computer to persuade, induce, and entice a minor for the purpose of producing sexually explicit material.

Stipulated Offenses

        iv.        Victim A: The base offense level for the stipulated offense conduct described in Paragraph 7(a) above is 32, pursuant to Guideline § 2G2.1. The offense level for the offense of conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved sexual contact. The offense level must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i) and (ii), because the offense involved the use of a computer to

persuade, induce, and entice a minor for the purpose of producing sexually explicit material, and the solicitation of a minor for sexually explicit conduct.

        v.      Victim B: The base offense level for the stipulated offense conduct described in Paragraph 7(b) above is 32, pursuant to Guideline § 2G2.1. The offense level must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(1)(B), because the offense involved a minor that had not attained the age of 16. The offense level for the offense of conviction must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved sexual contact. The offense level must be increased by 2 levels to level 38, pursuant to Guideline § 2G2.1(b)(6)(B)(i) and (ii), because the offense involved the use of a computer to persuade, induce, and entice a minor for the purpose of producing sexually explicit material, and the solicitation of a minor for sexually explicit conduct.

        vi.     Victim D: The base offense level for the stipulated offense conduct described in Paragraph 7(d) above is 32, pursuant to Guideline § 2G2.1. The offense level for the offense of conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved sexual contact. The offense level must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i) and (ii), because the offense involved the use of a computer to persuade, induce, and entice a minor for the purpose of producing sexually explicit material, and the solicitation of a minor for sexually explicit conduct.

12

vii.     Victim E: The base offense level for the stipulated offense conduct described in Paragraph 7(e) above is 32, pursuant to Guideline § 2G2.1. The offense level for the offense of conviction must be increased by 2 levels to level 34, pursuant to Guideline § 2G2.1(b)(2)(A), because the offense involved sexual contact. The offense level must be increased by 2 levels to level 36, pursuant to Guideline § 2G2.1(b)(6)(B)(i), because the offense involved the use of a computer to persuade, induce, and entice a minor for the purpose of producing sexually explicit material.

Grouping

viii.     Pursuant to Guideline § 3D1.2, none of the offenses group. Because each of the offenses is equally serious, or from 1 to 4 levels less serious than the highest offense level of 38. There are 7 units pursuant to Guideline § 3D1.4(a). Therefore, pursuant to Guideline § 3D1.4, the offense level must be increased by 5 levels to a combined offense level of 43.

ix.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

13

x.       In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

xi.      Pursuant to Guideline § 4B1.5(b)(1), the offense level for must be increased by 5 levels to level 48, because the offense involved a pattern of activity involving prohibited sexual conduct.

c.      **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.      **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 45 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of life imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 15 years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

11. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

15

### Agreements Relating to Sentencing

12.     Each party is free to recommend whatever sentence it deems appropriate.

13.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

15.     Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A. Defendant also agrees to pay additional restitution, arising from the stipulated offense conduct set forth above in paragraph 7, in an amount to be determined by the Court at sentencing ,pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

16.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title

16

18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.    Defendant agrees to pay the special assessment of $300 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18.    Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

19.    After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Forfeiture

20.    Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property used or intended to be used, in any manner or part, to commit or facilitate commission of the offense, and any property involved in the offense.

21.    Defendant agrees to forfeiture of the following specific property to the United States: Hitachi hard drive with serial number F32SG0WD, and Lenovo IdeaPad U530 Touch laptop computer, model 20289, with serial number

17

QB07697478. In doing so, defendant admits that the property described above represents property which facilitated the offense and property involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

22.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

23.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

24.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 15 CR 50026.

18

25.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

26.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove

prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

27.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

28.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the

21

nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

29. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

30. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of

22

defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

31. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

32. Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

33. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including

providing financial statements and supporting records as requested by the United States Attorney's Office.

34. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

35. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

36. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

24

limitations between the signing of this Agreement and the commencement of such prosecutions.

37.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

38.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

39.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: December 12, 2019

JOHN R. LAUSCH, JR.
United States Attorney

MICHAEL D. LOVE
Assistant U.S. Attorney

ADRIAN C. PETERS
Defendant

JILL M. SKWOR
Attorney for Defendant

25