UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>ADRIAN C. PETERS, a/k/a<br>ADRIAN WERSHIN, ADRIAN<br>PETERS-WERSHIN, ACE PETERS<br>ACE 175, and KRIXADE | No. 15 CR 50026<br><br>Judge Matthew F. Kennelly |

GOVERNMENT SENTENCING MEMORANCUM

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits its Sentencing Memorandum to aid the Court in addressing issues that may arise during the sentencing of defendant Adrian C. Peters.[1]

For the reasons stated herein, the government respectfully requests that the Court impose a sentence of between 360 and 420 months' imprisonment, which is reasonable upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

*Sentencing Guidelines and Criminal History*

    Offense Level Calculations

The government agrees with the PSR that the November 2018 edition of the Guidelines Manual governs the calculation of the advisory Guidelines range for this sentencing. PSR 13. With the exception of the comments below about the

---

[1] The Presentence Investigation Report is cited as "PSR," followed by the applicable page number.

enhancement for obstruction of justice and the denial of acceptance of responsibility credit, the government also agrees with the defendant's advisory Guidelines calculations contained in the Presentence Investigation Report ("PSR"). PSR at 13-19.

As noted in the PSR, the offense level calculations in the plea agreement agreed to by the parties, differ from the final PSR offense level calculations. The differences are that the parties did not agree to a two level enhancement for obstruction of justice and did agree to credit for acceptance of responsibility. The government does not contend that the PSR calculations are erroneous as to obstruction of justice or acceptance of responsibility. For the reasons set forth below, the government believes the Court has discretion as to these two provisions.

The enhancement for obstruction and a denial of acceptance are factually intertwined. The denial of acceptance is premised on the obstruction of justice by the defendant's flight to Canada. After the defendant's flight to Canada, the government has continued an investigation of the matter. The investigation is close to completion and the government believes it likely that charges will be submitted to the Grand Jury for deliberation. At this time, it is considered likely that charges will be recommended to charge three, four, or five persons, including the defendant. One of the offenses expected to be presented to the Grand Jury is conspiracy between the defendant and the others.

Due to the defendant's relationship to one of the other persons that will potentially be charged as a co-conspirator regarding the defendant's flight to Canada,

2

the government knew before final negotiation of the defendant's guilty plea that the defendant would not admit he conspired with that individual. Because the government was not ready at the time of the guilty plea, and is not ready at this time, to present all of the evidence of the conspiracy, it did not attempt to obtain the defendant's admission to the conspiracy, and thus did not expect him to admit obstruction of justice. The government is reluctant for obvious reasons to have two potential trials concerning the defendant's flight to Canada.[2]

The government recognizes the legal analysis concerning acceptance of responsibility set forth in the PSR is correct. PSR at 19. Even though legally correct, the denial of credit for acceptance is based on a factual determination that obstruction occurred. It could be that the defendant will not object to the obstruction of justice enhancement. If he does not object, the Court would be procedurally correct if it imposes the obstruction enhancement and denies acceptance.

If the defendant does object to the obstruction enhancement, and if the Court finds that it should be imposed and denies acceptance credit to the defendant, the government requests the Court make an additional sentencing determination. If the defendant is subsequently charged and convicted of offenses related to his flight to Canada, he would be sentenced separately on that conviction. If that sentencing did not occur before this Court, it would be helpful to the second sentencing judge to know

---

[2] The government recognizes the risk inherent in its decision regarding the obstruction enhancement. Should the Grand Jury decline to indict the defendant, or if the defendant were acquitted after trial, he would not be penalized for any crimes committed when he fled to Canada. The decision was made after careful consideration and is based solely on the facts of this case.

what sentence this court would have imposed if it had not considered the obstruction enhancement and had granted credit for acceptance of responsibility. The government requests that the Court state that position at sentencing.

Criminal History Category

Similarly, the government agrees with Probation's calculation and conclusion that the defendant is in Criminal History Category I. PSR 13.

*Section 3553(a) Sentencing Analysis*

As set out in Title 18, United States Code, Section 3553(a), the Court must consider several factors in determining the sentence, including but not limited to the defendant's history and characteristics, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense, provide adequate deterrence, protect the public, and to provide just punishment. Each of the factors is discussed below:

**History and Characteristics of the Defendant**

The defendant's sentence should reflect his history and characteristics, both as they aggravate and mitigate his offense conduct. In aggravation, the defendant's conduct demonstrates that he has a deviant sexual interest in minor females, and uses physical force and verbal coercion to engage in sexual conduct with them. His personal characteristics also include using video records of the sexual conduct to coerce further sexual conduct from victims. It is likely that he also uses the videos for personal sexual gratification. From 2011 through 2014, the same time period that his offenses of conviction and stipulated crimes occurred, he was pursuing a criminal

justice degree at Rock Valley Community College. Thus, throughout the time that he committed the offenses and stipulated conduct, he was being reminded almost daily about the importance of law-abiding conduct and the consequences of criminal conduct. Further, the defendant's ongoing disciplinary violations while in custody should be considered as an aggravating factor.

In mitigation, this Court may consider the alcohol abuse by both the defendant and his father, as well as the abnormal home life. The defendant's treatment for depression, anxiety, and mood disorder may also be considered. PSR 25-27. While this may be considered as a mitigating circumstance, it should not be given meaningful weight. They are not present in the defendant to any unusual degree. U.S.S.G. § 5H1.3.

### Seriousness, Nature, and Circumstances of the Offense

As a crime that involves the exploitation of minors, the extreme seriousness of the defendant's offenses are self-evident. Few crimes are as grave.

The nature and circumstances of the defendant's offenses are no less serious than the nature of the crime. The defendant was not just fascinated with one particular minor. He had multiple victims – not less than seven. PSR 6-9. His sexually deviant conduct constituted a pattern that included the use of physical force and verbal coercion to engage in sexual conduct with underage and other women. The defendant's behavior was stopped by his arrest, he did not voluntarily curb his conduct.

In mitigation the Court may consider that it does not appear the defendant disseminated the child pornography he produced. As long as he possessed the child pornography, though, there was a risk of dissemination, as well as a risk they could have been used to extort sexual acts from victims. The fact that no victims submitted victim impact statements or restitution requests should not be considered mitigating factors. Nobody but the victims know the reasons for the inaction. No inference, whether mitigating or aggravating, can be made in the total absence of information.

**Providing Adequate Deterrence, Protecting the Public, and Just Punishment**

A sentence below the advisory Guidelines range of 1080 months, specifically from 360-420 months, would provide adequate specific deterrence, protect the public, and be a just punishment. A lengthy sentence is warranted by the need to incapacitate the defendant and to deter him and like-minded individuals from committing such heinous crimes in the future. Sex offenders "are more likely to recidivate than other criminals, . . . because their criminal behavior is for the most part compulsive rather than opportunistic." Craig, 703 F.3d at 1003-04 (Posner, J., concurring) (citing Virginia M. Kendall and T. Markus Funk, *Child Exploitation and Trafficking: Examining the Global Challenges and U.S. Responses* 310 (2012)). Given defendant's repeated acts of production of child pornography of multiple victims, it should be inferred that his distorted sexual appetite will continue to tempt him to reoffend for years. Accordingly, even if there is uncertainty in predicting future behavior, the public—not the person who by his conduct has proven himself to be a

danger should be given the benefit of any doubt—by placing the risk of uncertainty on defendant. To reduce this risk, the Court should ensure that defendant stays in prison well into his early 50's.

### *Supervised Release*

The government recommends a life term of supervised release.

### *Restitution*

Standard notices of the right to submit victim impact statements in writing or in person, and to claim restitution were provided to the victims. No impact statements were submitted, and no claim for restitution has been made by any victim.

### *Conclusion*

Accordingly, the government respectfully requests that this Court impose a sentence of from 360-420 months' imprisonment, followed by supervised release for a term of life, no fine, and a $100 special assessment on each of the three counts of conviction.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   /s Michael D. Love
    MICHAEL D. LOVE
    Assistant United States Attorney
    327 S. Church, Room 3300
    Rockford, Illinois 61101
    (815) 987-4444

## CERTIFICATE OF FILING AND SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

GOVERNMENT SENTENCING MEMORANDUM

was served on April 27, 2020, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s Michael D. Love
MICHAEL D. LOVE
Assistant United States Attorney
Suite 3300
327 South Court Street
Rockford, IL 61101
(815) 987-4444