IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case Number 15 CR 50026 |
| v. | ) | |
| | ) | Honorable Judge Matthew F. Kennelly |
| ADRIAN C. PETERS | ) | |

**DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT, REQUEST FOR A DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

Mr. Adrian Peters, by the Federal Defender Program, John F. Murphy, Executive Director, and Jill M. Skwor, one of his Assistants, hereby respectfully submits the following sentencing memorandum.

## I. Background

An indictment filed June 30, 2015 charged Adrian Peters with 12 counts of producing child pornography in violation of Title 18 U.S.C. § 2251(a) and a forfeiture allegation.

Mr. Peters pleaded guilty pursuant to a written Plea Agreement on December 12, 2019. In the Plea Agreement, Mr. Peters admitted to three counts of producing child pornography, in violation of Title 18 USC § 2251(a). In addition, Mr. Peters stipulated to the conduct alleged in four additional counts and agreed to the entry of a forfeiture judgment.

Sentencing in this matter was set for April 17, 2020. However, as a result of the Chief Judge's General Order 20-0012 IN RE CORONAVIRUS COVID-19 PUBLIC EMERGENCY and subsequent orders this court vacated the April 17, 2020 sentencing hearing date. Additionally, undersigned counsel requested continuances

1

of the sentencing hearing. This matter is scheduled for sentencing on December 17, 2020.

## II. Objections to the PSR.

Following the change of plea hearing, Mr. Peters participated in a presentence interview with a U.S. Probation Officer. A presentence report (PSR) prepared in this matter was forwarded to Mr. Peters. Mr. Peters has conferred with undersigned counsel regarding the PSR. Mr. Peters objects to the factual findings and the guidelines calculations of the PSR as set forth below.

### A. Response to the factual findings in the PSR.

Mr. Peters reviewed the PSR with undersigned counsel. Mr. Peters disagrees with the characterizations of the incidents in paragraphs 44 through 46 and denies the incident in paragraph 47 occurred. Mr. Peters was not interviewed or allowed to defend himself against the allegations described in paragraphs 44 through 47 and requests this court acknowledge these paragraphs contain unproven accusations.

With respect to the second sentence in paragraph 134, Mr. Peters wishes to inform the court he was interviewed by the Roscoe police department, not an "unknown police department."

### B. Objections to the guidelines calculations of the PSR.

Mr. Peters has reviewed the guidelines calculation set forth in the written Plea Agreement and in the PSR. Mr. Peters respectfully objects to the application of the obstruction of justice enhancement pursuant to USSG § 3C1.1. Mr. Peters further objects to the denial of the acceptance of responsibility reduction pursuant to 3E1.1.

The application of an obstruction of justice enhancement pursuant to USSG § 3C1.1 requires a finding of specific intent. *United States v. Dale*, 498 F.3d 604, 608-09 (7th Cir. 2007). Moreover, "the burden rests on the government to establish such intent by a preponderance of the evidence." *Id.* at 609 (citations omitted).

Regarding a defendant's failure to appear for a court proceeding, the Seventh Circuit has found USSG § 3C1.1 "is triggered if the defendant knew that he had to appear in court and voluntarily and intentionally failed to do so. *United States v. Martinez*, 650 F.3d 667, 670 (7th Cir. 2011) (citations omitted).

Here, Mr. Peters was scheduled to appear on June 30, 2016. The same day, Mr. Peters was arrested in Ottawa, Canada. The burden is on the government to establish by a preponderance of the evidence Mr. Peters voluntarily and intentionally failed to appear on June 30, 2016. No such evidence has been presented and the application of the 3C1.1 enhancement is inappropriate without it.

As noted by the government, in this case the application of the sentencing enhancements pursuant to 3C1.1 is closely connected with the denial of the acceptance of responsibility reductions pursuant to 3E1.1. Mr. Peters contends the obstruction enhancements should not apply at all and by pleading guilty to three counts and stipulating to additional conduct does demonstrate acceptance of responsibility.

Should this court overrule the defense's objection to the 3C1.1 enhancements, extraordinary circumstances exist which merit the application of the 3-level reduction of 3E1.1. Mr. Peters elected not to put the government to its burden of

3

proof at a trial nor placed the government in a position of needing to prepare for such a trial. Upon the government providing a plea agreement, Mr. Peters promptly notified the court of his intent to plead guilty and scheduled the matter for a change of plea hearing.

To date, the government has failed to present an indictment of Mr. Peters due to his failure to appear on June 30, 2016. See PSR ¶¶54, 115 and Doc.81. Should this court overrule the defense's objection to the application of 3C1.1, the defense respectfully requests this court make the specific determination recommended by the government (that is, what sentence this court would have imposed if it had not considered the obstruction and had granted credit for acceptance of responsibility).

Mr. Peters otherwise agrees with the calculations of the PSR, as they are consistent with the calculations in the written Plea Agreement. For each of the counts of conviction (Count 5, 11 and 12) and the stipulated conduct, the base offense level is 32. USSG 2G2.1(a). The specific offense characteristics of USSG 2G2.1(b)(2)(A) and (b)(6)(B)(i) apply, for an additional 2 points each. The total offense level for each count then amounts to 36. As the offenses do not group (USSG 3D1.2) and there are 7 units, the offense level is increased 5 levels. Additionally, the sentencing enhancement of USSG § 4B1.5(b)(1) applies, increasing the total offense another 5 levels, to 48.

Mr. Peter's criminal history points total zero, resulting in criminal history category I.

Regardless of the court's findings with respect to the 3C1.1 enhancements and the 3E1.1 acceptance of responsibility reductions, the offense level should be treated as a level 43, and the sentencing range recommended by the guidelines is a life sentence.

### C. Mr. Peters respectfully requests a downward variance.

Mr. Peters respectfully requests this honorable court consider a downward variance from the sentencing guidelines' recommended sentencing range in this matter.

The guidelines permits sentencing courts to consider mental conditions in determining whether a downward variance is warranted. USSG § 5H1.3 directs that mental conditions may, if "present to an unusual degree and distinguish the case from the typical cases covered by the guidelines" warrant a sentence reduction.

This case is such an atypical case. Mr. Peters has recently been diagnosed with autism spectrum disorder (ASD). *See* Dr. Rachael Loftin's *Brief Report of Psychological Consultation,* submitted separately and under seal. His ASD diagnosis explains that Mr. Peters has "difficulty learning social norms without direct and explicit instruction." *Id*. at p.8. Due to an unusually sexualized childhood and lack of appropriate treatment and socialization for his ASD, Mr. Peters did not learn appropriate sexual norms. *Id*.

Mr. Peters is not a lost cause. Provided the "appropriate instruction and treatment, he [Mr. Peters] is capable of learning and developing positive alternatives" to inappropriate social behavior. *Id.* at 9. Upon his release from

5

custody, therapy and counseling will be necessary to help reintegrate Mr. Peters into society. *Id.* at 10.

Pursuant to USSG § 5H1.3, a downward variance is appropriate and warranted for Mr. Peters in light of his developmental and social disability caused by ASD.

### D. Objections to the recommended conditions of supervised release.

Mr. Peters respectfully objects to the recommendation of the imposition of lifetime supervised release term. Mr. Peters respectfully requests this court impose the 5-year mandatory minimum term of supervised release on each of the counts of conviction, to be served concurrently with each other as the minimum term is sufficient.

Additionally, Mr. Peters respectfully objects to the imposition of recommended discretionary supervised release condition number 14 regarding travel restrictions to the district of his supervision. Mr. Peters respectfully requests this court decline to impose this condition.

### III.  Sentence Recommendation

A sentencing court is directed to impose a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

One of the factors a sentencing court must consider is the recommended guidelines range, calculated pursuant to the Sentencing Guidelines. 18 U.S.C. § 3553(a)(4)(A). The federal sentencing guidelines, once mandatory, are now advisory. *United States v. Booker*, 125 S.Ct. 756 (2005). A sentencing judge is required to

calculate the applicable sentencing guidelines, and to use such guidelines as a "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, a sentencing court may not presume a guidelines sentence is the correct sentence. *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, 168, L.Ed.2d 203 (2007). Nor may any sentencing court place "any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The sentencing guidelines' recommended range is but one factor among several to be considered. *Kimbrough v. United States*, 552 U.S. 85, 90, 128 S.Ct. 558, 564, 169 L.Ed. 2d 481 (2007). In fact, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a [defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

An evaluation of the 18 U.S.C. § 3553(a) factors warrant a sentence at or near the statutory mandatory minimum term of imprisonment and sentence of supervised release for Mr. Peters. 18 U.S.C. § 3553(a) directs sentencing courts to consider a number of factors when determining an appropriate sentence. These factors are: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

Mr. Peters understands the nature and circumstances of his crimes warrant just punishment including a term of imprisonment followed by supervised release. Mr. Peters recognizes now the dangerousness of his actions and the impacts it has had on the lives of his victims and their families. Due to the serious nature of his crimes, this court must impose a sentence of imprisonment. By statute, a minimum sentence of 15 years' imprisonment is required and the guidelines recommend a life sentence. Although, a life sentence or even a decades-long sentence is not appropriate or warranted in this case.

Mr. Peters suffered from an unusually sexualized childhood including sexual abuse and encouraged sexual activity in early childhood. See Marcos Barbery's *Mitigation Report*, submitted separately and under seal, pp.8-9, 15.[1] As an individual suffering from ASD, Mr. Peters had difficulty developing and establishing healthy relationships. He lacks the maturity of his peers. Yet, he is far from incorrigible. His ASD diagnosis is recent and, despite never receiving ASD-specific therapy or counseling, Mr. Peters is amenable to instruction. Indeed, clear and direct is compelled for an individual such as Mr. Peters.

---

[1] Mr. Barbery intends to be present at the sentencing hearing on December 17, 2020 and to address the court on Mr. Peters' behalf at that time.

A 15-year mandatory minimum sentence required by statute will sufficiently punish and deter Mr. Peters from committing further crimes. A longer sentence is unlikely to serve any greater of a deterrent effect. Recent studies have shown "deterrence is primarily a function of the certainty of punishment, not its severity." Marc Mauer, Long-Term Sentences: Time to Reconsider the Scale of Punishment, 87 UMKC L. Rev. 113, 123 (2018) (citation omitted) (emphasis original). Rather than incarceration and incapacitation, Mr. Peters and society generally, will be best served by ensuring Mr. Peters receives appropriate socialization and reintegration.

The imposition of a 15-year sentence unquestionably will serve to protect the public from future crimes of Mr. Peters. More important than a lengthy sentence of incarceration will be the amount and type of therapy and counseling Mr. Peters participates in, both before and upon his release from custody.

Mr. Peters is willing and eager to participate in much needed counseling and therapy sessions. He is a good candidate for rehabilitation through therapy as he "has all of the prognosticators of a good response to therapy and is expected to do well with social skills training in adulthood." Loftin, p.8. Now that he has identified the ASD diagnosis, Mr. Peters has a roadmap, through therapy and counseling (and, if appropriate, medication).

One factor for this court to consider is the need to avoid unwarranted sentence disparities. Had Mr. Peters been charged and convicted in the State of Illinois, rather than in federal court, it is probable Mr. Peters may instead be charged with child pornography and be facing a possible sentence of 6-30 years with a term of

supervised release. See 720 Ill. Comp. Stat. Ann. 5/11-20.1. The difference of a 6 year statutory mandatory minimum and a 15 year statutory mandatory minimum should not be overlooked and cannot be overstated.

Mr. Peters' case does not resemble a typical criminal case. With his diagnoses of ASD and ADHD, the unusual childhood abuse and introduction to sexually inappropriate behavior at an early age, Mr. Peters is no ordinary defendant. An individual such as Mr. Peters does not deserve a lifetime of imprisonment. Proper instruction and socialization through therapy and counseling will ensure Mr. Peters reintegrates into the community and develops appropriate social relationships.

To the defense's knowledge, none of the victims in this matter are seeking restitution. Rather, the victims have largely avoided the pursuit of charges in this matter.

In fashioning its sentence, a sentencing judge shall also consider the policy statements of the United States Sentencing Commission (USSC). 18 U.S.C. § 3553(a)(5)(A). In 2013, the USSC issued a report to Congress, regarding federal child pornography sentencings.[2] The USSC, through this report, recognizes the shortcomings of the current version of the guidelines pertaining to child pornography offenses. In its report, the USSC explained the enhancements for computer use and type and volume of images apply to most offenders.[3] As a result,

---

[2] U.S. SENTENCING COMMISSION, 2012 Report to the Congress: Federal Child Pornography Offenses, available at https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses (last visited March 18, 2020).
[3] Id. at 321.

10

the sentencing guidelines fail to differentiate among offenders in terms of their culpability, nor sexual dangerousness.[4]

Similarly, the guidelines applicable to Mr. Peters exceed the highest offense level contemplated by the guidelines. The resulting recommendation for a life sentence is far from appropriate.

## IV.   Conclusion

Mr. Peters respectfully requests this honorable court impose a sentence of the 15-year statutory mandatory minimum for all counts of conviction, to be served concurrently with each other, followed by the 5-year statutory mandatory minimum term of supervised release on all counts to be served concurrently. Mr. Peters further respectfully requests this court further decline to impose the recommended conditions of supervised release as set forth in this sentencing memorandum and grant such other and further relief as this court deems necessary and just.

Respectfully submitted this 10th day of December, 2020 at Rockford, Illinois.

> Federal Defender Program
> John F. Murphy
> Executive Director
> By: */s/ Jill M. Skwor*
> Jill M. Skwor
> Staff Attorney
> Attorneys for Derrick Bell
> 401 W. State St., Suite 800
> Rockford, IL 61101

---

[4] Id. at 207.

## CERTIFICATE OF SERVICE

The undersigned, Jill M. Skwor, Staff Attorney of the Federal Defender Program, hereby certifies the following document:

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I) AS AMENDED BY § 603(B) OF THE FIRST STEP ACT OF 2018

was served pursuant to the District Court's ECF system as to ECF filings, and a paper copy will be sent to non-ECF parties by first-class mail on December 10, 2020.

> Respectfully submitted,
> By: */s/ Jill M. Skwor*
> Jill M. Skwor
> Staff Attorney
> Federal Defender Program

Jill M. Skwor
Federal Defender Program
401 W. State St., Ste. 800
Rockford, IL 61101
Tel: (815) 961-0800